UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **JEFFERY C. ENGRUM, JR.** | **CIVIL ACTION NO. 08-161** |
| **VS.** | **SECTION P** |
| **WARDEN OF DAVID WADE CORRECTIONAL CENTER, AKA VENETIA MICHAEL** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed February 4, 2008 by pro se petitioner Jeffery C. Engrum, Jr. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at David Wade Correctional Center (DWCC) in Homer, Louisiana. He is serving concurrent sentences of 300 months and 180 months imposed following his 2002 convictions for armed robbery and attempted armed robbery in the Thirty-Sixth Judicial District Court, Beauregard Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the period of limitations set forth in 28 U.S.C. § 2244(d).

## STATEMENT OF THE CASE

The issue before the court is whether the petitioner timely filed his petition for writ of *habeas corpus*. In considering the issue, the court notes the following dates:

1

| Date | Event |
|---|---|
| May 22, 2002 | A jury finds petitioner guilty of armed robbery and attempted armed robbery.[1] |
| July 2, 2002 | Petitioner is sentenced to concurrent sentences of 300 months and 180 months.[2] |
| March 5, 2003 | Petitioner's conviction is affirmed by Louisiana's Third Circuit Court of Appeal.[3] |
| April 23, 2004 | Louisiana's Supreme Court denies petitioner's application for supervisory and remedial writs.[4] |
| April 21, 2006 | Petitioner files an Application for Post- Conviction Relief in the Thirty Sixth Judicial District Court of Louisiana, which is denied.[5] |
| August 15, 2006 | Louisiana's Third Circuit Court of Appeal denies post-conviction relief.[6] |
| June 15, 2007 | Louisiana's Supreme Court denies petitioner's application for review.[7] |
| February 4, 2008 | Petitioner's *habeas corpus* petition that forms the basis of this proceeding is filed.[8] |

## **LAW AND ANALYSIS**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA); accordingly, the court must apply the AEDPA, including its timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468-69 (5th Cir. 1999). According to the AEDPA, 28 U.S.C. § 2244(d)(1) in particular, provides a one-year statute of limitations for the filing of a petition for writ of *habeas corpus* by persons such as petitioner who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the

---

[1] Doc. 1, at 1.
[2] Doc. 1-3, Exhibit H.
[3] *Louisiana v. Engrum*, 841 So.2d 103 (La. App. 3 Cir. 3/5/03).
[4] *State Ex Rel Engrum, v. Louisiana*, 870 So.2d 294 (La. 2004).
[5] Doc. 1-2, at 2.
[6] *Louisiana v. Engrum*, No. 06-897-KH (La. App. 3 Cir. 8/15/06).
[7] *State ex rel. Engrum v. Louisiana*, 958 So.2d 1185 (La. 2007).
[8] Doc. 1.

date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[9]

The tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999).

In accordance with the above, accurately consideration of the timeliness of the instant petition under § 2244(d)(1)(A), requires examination of four date: (1) the date upon which the judgment of conviction and sentence became final; (2) the dates upon which any applications for post-conviction or other collateral relief were properly filed; (3) the date upon which these applications for post-conviction or other collateral relief ceased to be properly filed; and, (4) the date upon which the federal *habeas corpus* petition was filed.

Petitioner appealed his conviction to the Third Circuit Court of Appeal. When the court affirmed his conviction he sought further direct review with the Louisiana Supreme Court. That court denied relief on April 23, 2004. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A), ninety days after the Louisiana Supreme Court denied his petition, or on or about July 23, 2004, the last day on which he could have filed a petition for a writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13; *see also Ott*

---

[9] Petitioner does not suggest, nor do the pleadings imply, that the period of limitation should be calculated from any of the other events described in subsections (B), (C), or (D) of § 2244(d)(1).

*v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). Under 28 U.S.C. § 2244(d)(1) plaintiff had one year, or until July 23, 2005, to file his federal habeas petition. Plaintiff filed his petition on February 4, 2008.

Petitioner is unable to avail himself of the tolling provisions of § 2244(d)(2) because, by his own admission, he did not file his Application for Post-Conviction Relief until April 21, 2006 [Doc. 1-2, at 2], and by that time the AEDPA limitations period had already expired. *Villegas,* 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)).

Further, the court finds no reason to apply the doctrine of equitable tolling in the instant case. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). A "garden variety" claim of excusable neglect is not a sufficient basis for equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (1999). Moreover, even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id.* Finally, with regard to a pro se litigant, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (2008) (citing *Felder*, 204 F.3d at 171-72).

It is petitioner's burden to establish that equitable tolling is appropriate. *Id.* at 365. However, petitioner's pleadings fail to present any "rare and exceptional circumstances" warranting application of the doctrine. *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th

Cir.1998)). Additionally, petitioner has not shown "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *Id.* (quoting *Lawrence v. Florida*, --- U.S. ----, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007)).

In short, petitioner's *habeas corpus* petition is barred by the timeliness provisions of the AEDPA and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of October, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE